# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **V.** | : | **CRIMINAL NUMBER 17-383-1** |
| | : | |
| | : | |
| **SANDRO G. ZHININ** | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2019, upon consideration of the Motion to Withdraw as Counsel Due to Conflict, it is **ORDERED** that the motion is **GRANTED**. The Federal Community Defender Office for the Eastern District of Pennsylvania is hereby removed as defense counsel.

It is so **ORDERED**.

                                          **BY THE COURT:**

                                          _____
                                          **THE HONORABLE EDWARD G. SMITH**
                                          United States District Court Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 17-383-1 |
| | : | |
| | : | |
| SANDRO G. ZHININ | : | |

## MOTION TO WITHDRAW AS COUNSEL
## DUE TO CONFLICT OF INTEREST

The Federal Community Defender Office for the Eastern District of Pennsylvania, by Assistant Federal Defender Nancy MacEoin, hereby moves to withdraw as appointed counsel in this matter. In support it is stated:

1. On August 8, 2017, the Federal Community Defender Office for the Eastern District of Pennsylvania was appointed to represent the defendant in the above-captioned case.

2. On August 9, 2018, Mr. Zhinin pleaded guilty pursuant to a Guilty Plea Agreement. Under this agreement, Mr. Zhinin waived all his rights to appeal or collaterally attack the sentence imposed in this case except in four very limited circumstances:

   (1) if the defendant's sentence on any count of conviction exceeds the statutory maximum for that count;

   (2) to challenge a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

   (3) to challenge a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range;

   (4) if an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

Guilty Plea Agreement, ¶ 16(b).

3. Sentencing was scheduled for Friday, January 4, 2019, at 11:00 a.m., before this Court. In compliance with this Court's Policies and Procedures, Mr. Zhinin filed his sentencing memorandum on December 27, 2018.

4. At 1:38 p.m., on Thursday, January 3, 2019, instant counsel received an Electronic Case Filing notification that the government had filed its sentencing memorandum requesting the Court sentence Mr. Zhinin to life imprisonment.

5. Based on arguments contained in the government's sentencing memorandum and other legal developments, undersigned counsel has advised Mr. Zhinin that he may have a viable claim that counsel has provided ineffective assistance of counsel in advising him to sign the Guilty Plea Agreement and waive his rights to appeal or collaterally attack the sentence imposed by this Court. Specifically,

    a. the government's request for a life sentence renders important consideration in the plea agreement illusory—namely, the government's promise to recommend that the federal sentence run concurrently to a state sentence Mr. Zhinin will serve for the same underlying conduct; and

    b. the U.S. Supreme Court is presently considering whether to overrule the "separate sovereigns" exception to the Double Jeopardy Clause. *See Gamble v. United States*, No. 17-646 (argued Dec. 6, 2018). If it does, the instant federal conviction would likely be invalid as Mr. Zhinin has already been convicted in state court for the same underlying conduct. The double jeopardy claim should have been litigated and preserved in this case.

6. Although the plea agreement preserves Mr. Zhinin's right to raise claims of ineffective assistance of counsel on direct or collateral review, it is also possible to seek to withdraw the guilty plea now based on such a claim. *See, e.g., United States v. Jones*, 336 F.3d 245 (3d Cir. 2003). Mr. Zhinin must have the advice of unconflicted counsel regarding how to proceed in this regard. The Federal Community Defender Office should therefore be permitted to withdraw as counsel, and new counsel should be appointed by this Court.

7. Counsel is unaware of any changes in the financial circumstances of the defendant.

8. Mr. Zhinin's sentencing hearing is currently scheduled for Friday, January 18, 2019, at 1:30 p.m. Counsel respectfully requests that the Court hold a hearing on the instant motion at that date and time in lieu of the sentencing hearing.

**WHEREFORE,** the Federal Community Defender Office for the Eastern District of Pennsylvania respectfully moves to withdraw as counsel and requests that substitute counsel be appointed for the defendant forthwith.

    Respectfully submitted,

    /s/ Nancy MacEoin
    NANCY MacEOIN
    Assistant Federal Defender

# CERTIFICATE OF SERVICE

I, Nancy MacEoin, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I caused a copy of the attached Motion to Withdraw as Counsel Due to Conflict, to be filed and served electronically through the Eastern District Clerk's Office Electronic Case Filing and/or by hand delivery upon Sherri T. Stephan, Assistant United States Attorney, 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

/s/ Nancy MacEoin
NANCY MacEOIN
Assistant Federal Defender

DATE:	January 14, 2019